IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UTHAIWAN WONG-OPASUM Ph.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | NO. 3:04-0719 |
| ) | JUDGE HAYNES |
| MIDDLE TENNESSEE STATE ) | |
| UNIVERSITY, et al., ) | |

## MEMORANDUM

Plaintiff, Uthaiwan Wong-Opasum, filed this action under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 and the Equal Pay Act, 29 U.S.C. § 206 against the Defendants: Middle Tennessee State University ("MTSU"), Dr, Sidney A. McPhee, Dr. Kaylene Gebert, Dr. John McDaniel, Dr. Deborah E. Mistron, Dr. Nuria M. Novella, Dr. Theresa McBreen, Dr. Patrick C. Conly, Dr. Oscar A. Diaz, and Dr. Soraya C. Nogueira. The individual Defendants are sued in their individual and official capacities. Plaintiff also asserts state law claims, including under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 et seq.

Plaintiff's claims arise out of the initial hiring and subsequent non-renewal of her contract with MTSU to serve as a language professor. Plaintiff was employed by Defendant MTSU to teach Spanish for the 2003-04 academic year.

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 18), contending in sum: (1) that the Eleventh Amendment bars Plaintiff's Section 1981 and THRA claims; (2) that the Plaintiff's claim of employment discrimination should be pursued under Title VII, not Title IX; (3) that Plaintiff's factual allegations do not state an Equal Pay Act claim; and (4) that Plaintiff's state law claims fails to state grounds for relief in this Court.

## A. Analysis of the Complaint

On August 11, 2003, Plaintiff applied with MTSU for a one-year teaching position for the 2003-04 academic year. Plaintiff interviewed for the position with Defendant Mistron for the Foreign Language and Literatures Department that year. When Mistron hired Plaintiff, Mistron told Plaintiff that the teaching position was only for one year without the possibility of renewal. Plaintiff began teaching on August 18, 2003, without reviewing and signing the employment contract. Plaintiff later signed the contract on April 29, 2004.

After review of the contract, Plaintiff complained about her salary. Defendant Gebert responded that she could pursue a different rank and salary, if another teaching position were available in the next academic year. Plaintiff sought a meeting with the Defendant McPhee who was unable to meet with her, but Mistron told Plaintiff that her rank and salary could not be higher than "Assistant Professor," her rank at her previous employer, Tennessee State University ("TSU"). Plaintiff responded that she was a "Full Professor" at Volunteer State Community College ("VSCC") after her employment with TSU. Mistron replied that rank only changes through tenure process.

On February 5, 2004, Plaintiff met with Defendant McDaniel. McDaniel informed Plaintiff that MTSU could not address any alleged discrimination in Plaintiff's rank at TSU, and would not reduce her teaching load despite Plaintiff's salary. McDaniel advised Plaintiff to apply for a different rank and a new teaching position for the years 2004-07, but did not guarantee her a position. Plaintiff was not hired for a new position. Plaintiff alleges that the finalists for the new teaching position were whites, and that in 2003, MTSU hired male professors with lesser qualifications than Plaintiff at higher rank.

## B. Conclusion of Law

Pro se complaints, however, are to be construed liberally by the Courts. Boag v. MacDougall, 454 U.S. 364, 365 (1982). Upon consideration of any motion to dismiss, a District Court is to "treat all of the well-pleaded allegations of the complaint as true." Miree v. De Kalb County, Ga., 433 U.S. 25, 27 n.2 (1977). In addition, "the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Moreover, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). For pro se litigants, their complaints are to be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); Brooks v. Seiter 779 F.2d 1177, 1180 (6th Cir. 1985) (quoting Haines). There is particular scrutiny of motions to dismiss civil rights actions. Brooks, 779 F.2d at 1180.

As to Plaintiff's § 1981 claims, "Section 1981 contains no congressional waiver of the state's eleventh amendment immunity." Freeman v. Michigan Dept. of State, 808 F.2d 1174, 1179 (6th Cir. 1987). Thus, this Court lacks jurisdiction to hear Plaintiff's § 1981 claim against MTSU and the individual Defendants in their official capacities. See Henderson v. Southwest Tennessee Comm. C., 282 F.Supp.2d 804, 807 (W.D. Tenn. 2003).

Plaintiff also relies on 28 U.S.C. § 1332, the diversity jurisdiction statute for her state law claims, but 28 U.S.C. § requires the parties to be "citizens of different States." In a word, under Section 1332, the plaintiff's citizenship must be diverse as to each defendant, Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Here, Plaintiff is a citizen of Thailand, but has been a Tennessee resident for years and appears to be domiciled in Tennessee. Thus, the Court deems Plaintiff to

3

be a Tennessee citizen. The named Defendants are Tennessee citizens. Jurisdiction under 28 U.S.C. § 1332 is not established. In addition, this Court declines to exercise jurisdiction over this claim pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims.

Title IX of the Education Amendments of 1972 states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . .

20 U.S.C. § 1681(a). Plaintiffs have an implied cause of action for damages under Title IX. See North Haven Board of Education v. Bell, 456 U.S. 512, 514 (1982) ("Title IX proscribes gender discrimination [against its employees and students] in education programs or activities receiving federal assistance.") Yet, Plaintiff's specific factual allegations of discrimination refers to racial discrimination in hiring a white males for the new positions and higher ranks. Thus, Plaintiff's factual allegations do not present a Title IX claim.

The Equal Pay Act, codified at 29 U.S.C. § 206, provides that:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees of the establishment at a rate less that the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (I) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . .

29 U.S.C. § 206(d)(1).

To state a claim under the EPA, the plaintiff must prove that the employer "pays different wages to employees of opposite sexes 'for equal work on jobs the performances of which require equal skill, effort and responsibility, and which are performed under similar working

4

conditions.'" Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974). In this Circuit, "'three elements must be shown to make out a claim under the Act: (1) that [plaintiff's] employer is subject to the Act; (2) that [plaintiff] performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) that [plaintiff] was paid less than the employees of the opposite sex providing the basis of comparison'" EEOC v. City of Council of City of Cleveland, 875 F.2d 863, 1989 WL 54252, at *4 (6th Cir. 1989) (citing Peters v. City of Shreveport, 818 F.2d 1148, 1153 (5th Cir. 1987).

Here, Plaintiff does not allege that she was paid a wage different from any male employee for equal work or substantially similar work. Plaintiff alleges only that the persons hired by the 2004-07 position were white. Accordingly, Plaintiff has failed to allege sufficient facts to state a claim for relief under the Equal Pay Act.

As to Plaintiff's § 1981 claims, the individual Defendants assert qualified immunity from damages in their individual capacities, citing Saucier v. Katz, 533 U.S. 194, 200 (2001); and Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The right to be free from racial discrimination in employment presents a clearly established right. See Reese v. City of Southfield, 162 F.3d 1162, 1998 WL 552841 at *7, n. 3 (6th Cir. June 25, 1997) and authorities cited therein.

Viewing the complaint in light most favorable to Plaintiff, the Court concludes that Plaintiff alleges sufficient facts of racial discrimination in the 2006-07 hiring decision. Racial discrimination in public employment was clearly established at the time of that hiring decision. Accordingly, the individual Defendants' motion to dismiss should be denied as to Plaintiff's Section 1981 claim.

In sum, the Defendants' motion to dismiss (Docket Entry No. 18) should be granted in part, and Plaintiff's claims under Title IX and the Equal Pay Act should be dismissed with prejudice. The Defendant's motion to dismiss should be denied as to Plaintiff's claim under 42 U.S.C. § 1981. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

An appropriate Order is filed herewith.

**ENTERED** this the 24th day of January, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge